IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALDO ARREOLA | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv143 |
| WARDEN, FCI BEAUMONT LOW | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Aldo Arreola, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss, or in the alternative, motion for summary judgment (doc. no. 3). As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d).

### Factual Background

On July 9, 2021, Unit Manager R. Taylor wrote incident report number 3522913. In the incident report, petitioner was charged with possession of a hazardous tool. Petitioner originally appeared before the Unit Discipline Committee ("UDC") on July 14. However, the incident report was rewritten and reissued on July 15. A second hearing before the UDC was held on July 25. At the conclusion of that hearing, the UDC determined petitioner should appear before a Discipline Hearing Officer ("DHO"). (Doc. #5-2, p. 9.)

A DHO conducted a disciplinary hearing on August 11. Petitioner was found guilty of the offense with which he was charged. The following punishment was assessed: (a) loss of phone and commissary privileges for 180 days and (b) forfeiture of 41 days of good conduct time.

The DHO described the evidence and explained her finding of guilty as follows:

> The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did not want a staff representative, did want to call witnesses and had no documentary evidence to present. The inmate understood his due process rights and was ready to proceed with the disciplinary process.
>
> On July 9, 2021, at approximately 1:31 p.m., I was conducting unit rounds and came upon cubicle #12. I observed inmate Arreola, Aldo, . . . sitting on his bed with a cell phone in his hand tapping on the screen with his fingers, which appeared to be him in the act of texting. I gave him a direct order to hand me the phone and charger, which he complied with. The phone confiscated is a Black AT&T LTE phone.
>
> Inmate's statement: "I've been programming and I can't plead guilty to the cell phone. It is not my phone the [charging officer] said [I] had. What if one of those phones had something incriminating?"
>
> Based upon the evidence presented, the DHO is convinced that you, Inmate Arreola, Aldo, . . . dd commit the prohibited act of Possession of a cellphone and or electronic device in violation of code 108. The reporting officer was conducting rounds and observed you sitting on [your] bed with a cell phone in [your] hands tapping on the screen with [your] fingers, which appeared to him to be [you] in the act of texting. The officer gave you a direct order to hand over the phone, which you complied [with]. The DHO asked if this was correct and you refused to answer the question and stated: "He had a lot of phones in his hand. He don't know what phone belonged to who." The DHO asked: "Did you have a cell phone." You stated: "no comment. I'm just saying the phone he got is not my phone, he had a lot in his hand." You continued to focus on the fact the reporting officer had several phones in his hand and he did not place the [phone] with the appropriate inmate. The DHO took into consideration your concern and statement, however you refused to answer if you had a cell phone in your possession. You told the DHO that you did not have a comment to that question. According to the reporting officer you [were] observed with a cell phone in your hand, and he confiscated it from you, along with your ID to write the incident report. A supporting memo was provided by the reporting officer stating that he took each inmate's BOP issued ID as he collected the cell phones to pair each individual to . . . what particular cell phone. Based on the evidence and the officer's statement the DHO finds you guilty for the prohibited act of Possession of a cell phone and/or electronic device in violation of code 108. Possession and having knowledge of a cell phone inside a correctional environment is in direct violation of the rules of this facility and will not be tolerated.

(doc. no. 3-1, pp 8-9).

<u>Grounds for Review</u>

Petitioner asserts the following grounds for review: (a) the incident report was not signed; (b) the incident report was rewritten twice and (c) there was insufficient evidence to support the disciplinary conviction.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party. " *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law. " *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

favorable to the non-moving party, no reasonable [finder of fact] could [find in favor of] that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). In *Wolff*, the Supreme Court concluded that inmates are entitled to: (1) written notice of the charges at least 24 hours before the hearing; (2) a written statement of the fact-finder regarding the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence on their own behalf at the disciplinary hearing. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question for the court is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 874, 877 (5th Cir. 2001). "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

*Unsigned Incident Report*

Initially, petitioner complains that the incident reports were not signed by the charging officer. He also states the officer who delivered the incident reports to him failed to sign the forms demonstrating the report were given to him.

As described above, *Wolff* provides that an inmate must receive written notice of the charge against him at least 24 hours prior to the disciplinary hearing. *Wolff* does not require that the notice received must be signed by the charging officer. Petitioner does not contend he failed to receive notice of the charge against him more than 24 hours before his disciplinary hearing. That is all *Wolff* requires. This ground for review is without merit.

*Rewritten Incident Report*

Petitioner also asserts the incident report was rewritten twice. He states the second incident report was identical to the first report except for the difference in the time it was delivered to him. Petitioner contends the incident report was rewritten in an improper attempt to avoid time limits established by prison regulations.

Pursuant to 28 C.F.R. § 541.7(c), the UDC will ordinarily review an incident report within five work days of when it was issued. Petitioner's second UDC hearing was held on July 25. This was more than five days after the initial incident report was written on July 9, and more than five days after the final incident report was written on July 15. As a result, petitioner's second UDC hearing was held later than is provided for in Section 541.7(c).

While petitioner correctly states his UDC hearing was not held within the time period provided for in the applicable regulation, prison regulations are "primarily designed to guide correctional officials in the administration of a prison." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). As a result, the timing of petitioner's second UDC hearing did not violate the Constitution.

Moreover, even if the timing of his second UDC hearing violated petitioner's right to due process, he would still not be entitled to relief. In order to prevail in a federal habeas proceeding, an inmate who alleges he has been denied a particular procedural safeguard must show the denial prejudiced his defense. *Brecht v. Abrahmson*, 507 U.S. 619, 637-38 (2007). This standard applies to prison disciplinary hearings. *White v. Adams*, 405 F. App'x 265, 266 (9th Cir. 2010) (applying the *Brecht* standard to a challenge to a prison disciplinary conviction). To demonstrate prejudice, a petitioner must show the error had a substantial and injurious effect or influence in determining the proceeding's outcome. *Brecht*, 507 U.S. at 623.

While the incident report was rewritten, the substance of the charge against petitioner remained the same. Petitioner makes no attempt to explain how the report being rewritten or holding the UDC hearing after the time limit established by prison regulations made it more difficult for him to defend himself. As a result, petitioner has not shown that the incident report being rewritten or the timing of the second UDC hearing had a substantial and injurious effect or influence on the result on the proceeding.

*Insufficient Evidence*

Finally, petitioner states the DHO admitted that the charging officer was unable to determine which phone was possessed by which inmate. He states this is also an admission that the phone submitted as evidence at the hearing was not the phone he was accused of possessing. As a result, petitioner contends there was insufficient evidence to support the conviction.

The DHO's description of the evidence is set forth above. Despite petitioner's assertion, the DHO did not state the charging officer was unable to determine which cell phone was possessed by which inmate. Instead, the DHO stated petitioner focused on his contention that the officer had several phones in his hands and did not connect the right phone to the right inmate.

However, even if petitioner's interpretation of what the DHO said is correct, he is still not entitled to relief. All three of the incident reports stated that the charging officer observed petitioner holding a cell phone. The contents of an incident report, standing alone, constitute some evidence

of guilt. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). As stated above, a disciplinary conviction will be overturned on federal habeas review only where there was no evidence to support the finding of guilty. Here, the charging officer's statements in the incident reports constituted some evidence of guilt. Petitioner's assertion that there was insufficient evidence to support the disciplinary conviction is without merit.

## Conclusion

For the reasons set forth above, there is no genuine dispute of material fact as to whether any of petitioner's grounds for review provide a basis for relief in this proceeding and the respondent is entitled to judgment as a matter law. The motion for summary judgment should therefore be granted.

## Recommendation

The respondent's motion should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 12th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge